MEMORANDUM OPINION

No. 04-03-00867-CR

Jesus SUTTLES,
Appellant

v.

THE STATE OF TEXAS,
Appellee

From the 144th Judicial District Court, Bexar County, Texas 
Trial Court No. 2003-CR-1796
Honorable Pat Priest, Judge Presiding
 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Alma L. López, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   April 13, 2005
 
AFFIRMED

            A jury found defendant, Jesus Suttles, guilty of murder and assessed punishment at life
imprisonment. On appeal, defendant asserts the evidence is factually insufficient to support the
jury’s verdict. Because the evidence is sufficient, we affirm.
 
 
SUFFICIENCY OF THE EVIDENCE
            In his sole issue on appeal, defendant asserts the evidence is factually insufficient to support
the jury’s finding that he intentionally or knowingly caused the death of Rachel Guerrero. In our
review of the factual sufficiency of the evidence, we view all the evidence and we will set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996).
            Under Texas law, “[a] person acts intentionally, or with intent, with respect to the nature of
his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the
conduct or cause the result.” Tex. Pen. Code Ann. § 6.03(a) (Vernon 2003). “A person acts
knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances
surrounding his conduct when he is aware of the nature of his conduct or that circumstances exist.” 
Id. § 6.03(b). Similarly, “[a] person acts knowingly, or with knowledge, with respect to a result of
his conduct when he is aware that his conduct is reasonably certain to cause the result.” Id. A
person’s intent may be inferred from circumstantial evidence such as the acts, words, and conduct
of the accused. Bustamante v. State, 106 S.W.3d 738, 740-41 (Tex. Crim. App. 2003); Williams v.
State, 82 S.W.3d 557, 566 (Tex. App—San Antonio 2002, pet. ref’d). 
            Defendant concedes he caused Rachel’s death by shooting her once with a shotgun, but
asserts he lacked the culpable mental state of intentionally or knowingly causing her death. The
evidence at trial established that, on the night of the shooting, Rachel attended an evening wedding,
defendant went out, and Rachel’s son and daughter remained at the house by themselves. Defendant
arrived home at approximately midnight and inquired as to Rachel’s whereabouts. After defendant
confronted both children, the boy ran into his sister’s room. His sister closed and locked the door,
but defendant shot the door open. Defendant admitted he told the children, “If your mom doesn’t
come home tonight . . . I am going to kill her, and then I am going to kill myself.” When Rachel
returned home, defendant said he “just snapped” and shot her at close range. Rachel later died at the
hospital. The only evidence that indicated defendant lacked the requisite culpable mental state was
his own testimony that he “never had any intention of shooting” his wife and he would not have
killed her if he had not been drinking. 
            After reviewing all the evidence in a neutral light, we cannot say the evidence of guilt is so
weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight
and preponderance of the available evidence. See Sims v. State, 99 S.W.3d 600, 601 (Tex. Crim.
App. 2003).
CONCLUSION
            We overrule defendant’s issue on appeal and affirm the trial court’s judgment.
 
Sandee Bryan Marion, Justice
DO NOT PUBLISH